UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
MARVIN WATSON,

                    Petitioner,

  -against-

UNITED STATES,

                    Respondent.
----------------------------------------------------------------- X

05 CV 1437 (ARR)

NOT FOR PUBLICATION

OPINION AND ORDER

ROSS, United States District Judge:

By petition dated March 8, 2005, the petitioner, Marvin Watson, seeks a writ of habeas corpus under 25 U.S.C. § 2255. The petition is untimely, and is therefore dismissed.

## BACKGROUND

Watson pled guilty before this court on March 28, 2003, pursuant to a plea agreement, to a lesser-included offense of Count One of superseding indictment 02 CR 891 charging him with conspiracy to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. On November 7, 2003, Watson was sentenced to 240 months imprisonment. Pursuant to the terms of his plea agreement, Watson did not appeal his conviction.

Watson filed the instant petition pursuant to Section 2255 on March 8, 2005. In it, he alleges four grounds for relief: (1) his guilty plea was not knowing and voluntary because "on advice of counsel" he believed he was pleading to a 10 year sentence," Pet. at 5; (2) that the court "lacked jurisdiction" to accept his plea and impose sentence because the government "failed to introduce [any] evidence of drug quantity," Pet. at 6; (3) that his sentence violated the Sixth

1

Amendment principles announced in Booker because the Court determined the facts at sentencing underlying the drug quantity and role enhancement, Pet. at 7-8; and (4) defense counsel was ineffective for his alleged failures to advise Watson regarding various factors that impacted his sentence, Pet. at 9.

Watson's petition is untimely. A one-year period of limitation applies to motions filed under 28 U.S.C. § 2255. The limitation period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Watson's conviction was entered on the Clerk's docket on November 14, 2003, and became final on November 24, 2003, upon the termination of the ten day period in which Watson could have filed a notice of appeal. Accordingly, under subsection (1), the one-year limitations period expired on November 24, 2004, well before filing of the instant March 5, 2005 petition.

There is no basis to believe that subsection (2) or (4) applies. Nor is Watson's petition timely under subsection (3), "the date on which the right asserted was initially recognized by the Supreme Court." Although Watson raised a Booker claim, the Second Circuit has held that

2

Booker does not apply retroactively to cases on collateral review. Guzman v. United States, No. 03 Civ. 2446, 2005 WL 803214 (2d Cir. April 8, 2005). Thus, the timeliness of Watson's amendment cannot be calculated under subsection (3). See, e.g., Coleman v. United States, 329 F.3d 77, 82 (2d Cir. 2003) (in calculating the limitations period for a petition raising an Apprendi claim, subsection (3) does not apply because Apprendi is not retroactive), cert. denied, 124 S.Ct. 840 (2003).

Accordingly, Watson's claim is barred by the limitations period, which expired on November 24, 2004. The petition is therefore dismissed as untimely. Because petitioner has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2) (1996), no certificate of appealability will be granted. The petitioner has a right to seek a certificate of appealability from the United States Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to enter judgment accordingly.

SO ORDERED.

Signed/
_____
Allyne R. Ross
United States District Judge

Dated: May 27, 2005
Brooklyn, New York

SERVICE LIST:

*Pro Se Petitioner*
Marvin Watson
# 21794-057
USP Allenwood, PA
P.O. Box 3000
White Deer, PA 17887

*Attorney for the Respondent*
Kelly T. Currie
Assistant U.S. Attorney
Eastern District of New York
One Pierrepont Plaza
New York, NY 11201